UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUZY ELKINS, on behalf of Herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:12-cv-5617 |
| MEDCO HEALTH SOLUTIONS, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## DEFENDANT MEDCO HEALTH SOLUTIONS, INC.'S MOTION TO TRANSFER VENUE

Defendant Medco Health Solutions, Inc. ("Medco"), pursuant to 28 U.S.C. § 1404(a), hereby moves this Court to transfer the action filed by Plaintiff Suzy Elkins ("Plaintiff") to the Eastern District of Missouri. In support of its motion, Medco states as follows:

## I.     INTRODUCTION

This lawsuit has no connection to the Northern District of Illinois, and should be transferred to the Eastern District of Missouri for the convenience of the parties and witnesses and in the interest of justice.

Plaintiff does not live within the Northern District of Illinois; she lives in metropolitan St. Louis. Plaintiff's employer is located in St. Louis. The allegations in Plaintiff's Complaint are related to calls she allegedly received in St. Louis concerning health benefits she receives from Medco, through her enrollment in her St. Louis employer's health plan – Coventry Health of Missouri ("Coventry of Missouri"). Coventry of Missouri, as well as Medco's parent company, is located in metropolitan St. Louis, Missouri.

Accordingly, most, if not all, key documents and witnesses are located within the Eastern District of Missouri, which has a significant interest in adjudicating disputes arising from calls made to individuals residing within the district. Medco's motion to transfer under 28 U.S.C. § 1404(a) should therefore be granted.

## II.    FACTUAL BACKGROUND

Medco is a pharmacy benefit manager ("PBM") that provides a full range of prescription drug benefit services to its clients, which include employers, HMO's, health insurers, third-party administrators, union-sponsored benefit plans, workers' compensation plans, and government health plans. Medco is a wholly owned subsidiary of Express Scripts Holding Co. ("Express Scripts"), headquartered in St. Louis, Missouri. *See* Exhibit 1, Declaration of Winde Summerlin ("Ex. 1") at ¶¶ 2-3.

Medco establishes and maintains retail pharmacy networks by entering into contracts with retail pharmacies. Medco then contracts with health plans to provide a variety of PBM services and benefits for clients and their individual members. Prescription drugs are then dispensed to members of the health plans that Medco serves in accordance with the terms of these agreements. These benefits vary by client according to the terms of their agreements. One of Medco's clients is Coventry of Missouri. *Id.* at ¶4.

Plaintiff's Complaint is vague regarding Plaintiff's residence and the location of key witnesses and documents. *See* Doc # 1 at ¶ 8 (stating no information about Plaintiff other than the general statement that "Plaintiff Suzy Elkins is an individual."). The reality is that Plaintiff lives and works in metropolitan St. Louis, Missouri, at a law firm – Shultz & Associates – that shares the same office space as one of the attorneys of record in this lawsuit – Healy Law LLC – located at 640 Cepi in Chesterfield, Missouri. Plaintiff is a member of Coventry of Missouri and

Plaintiff receives pharmacy benefit management services through Coventry/Medco. *See* Ex. 1 at ¶ 5.

In her Complaint, Plaintiff alleges that Medco violated the Telephone Consumer Protection Act ("TCPA") by inappropriately calling her cell phone "in order to sell prescription drug services." Doc. # 1 at 13. In fact, Medco called Plaintiff at the St. Louis number she provided, concerning benefits she had <u>already</u> purchased through her health plan with Coventry of Missouri.

Putting aside the merits of Plaintiff's TCPA "sales" allegation, there can be no dispute that any calls Medco may have made to Plaintiff would have been made to Plaintiff's Missouri phone number, answered by Plaintiff, a Missouri resident, and would have concerned Plaintiff's Missouri health plan. Those benefits—including the benefit that was the subject of the allegedly improper call—would have been negotiated and/or purchased in Missouri as part of Plaintiff's health benefit package. In stark contrast, there is no connection to the Northern District of Illinois.

### III.     ARGUMENT

For the convenience of the parties and witnesses, this Court should grant Medco's motion to transfer venue to the Eastern District of Missouri.

28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A defendant must demonstrate that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and, (3) the proposed transfer will be in the interest of justice. *See id.*; *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973,

978 (7th Cir. 2010). Once the defendant establishes that the action could have been brought in the proposed district[1], the court must weigh several private and public interest factors to determine whether the balance of conveniences tips in favor of transfer.

### a. Private Interest Factors.

When evaluating the convenience of the parties and witnesses, the Court considers the following private interests: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience [to] the parties of litigating in the respective forums." *Bullard v. Burlington Northern Santa Fe Ry. Co.*, No. 07 C 6883, 2008 WL 4104355, *2 (N.D. Ill. 2008) (Kennelly, J.). The relative weight a court must give each factor in the § 1404(a) analysis is not fixed. *Id.*

### 1. Plaintiff's Choice of Forum

Plaintiff's choice of forum should be given no deference because she does not reside in, nor have any apparent connection to, the Northern District of Illinois, Plaintiff's chosen forum. *St. Paul Fire and Marine Ins. Co. v. Brother Intern. Corp.*, No. 05 C 5484, 2006 WL 1543275, *2 (N.D. Ill. June 1, 2006) ("[C]ourts agree that the presumption of deference does not apply where the plaintiff does not reside in the chosen forum."); *Confederation Des Brasseries De Belgique v. Coors Brewing Co.*, No. 99 C 7526, 2000 WL 88847, at *3 (N.D. Ill. Jan. 20, 2000); *see also Grafton v. Jefferson Capital Systems, LLC*, No. 1:11–CV–01006, 2011 WL 4807893 (M.D. Pa. Oct. 11, 2011) (granting motion to transfer and stating that where TCPA plaintiff resided in Maryland, but chose to file suit in the Middle District of Pennsylvania, plaintiff's choice of forum was entitled to no deference). Deference to the plaintiff's choice of forum is

---

[1] As a threshold matter, it cannot be reasonably disputed that Plaintiff could have originally filed her action in the Eastern District of Missouri., where she resides. *See* Ex. 1 at ¶ 5.

also not appropriate "where the cause of action did not conclusively arise in the chosen forum." *St. Paul Fire*, 2006 WL 1543275 at *2. (citation omitted).

Here, Plaintiff is an individual who resides in the Eastern District of Missouri so her choice to file suit in the Northern District of Illinois is entitled to no deference. Furthermore, the cause of action did not arise in this district, and in fact, the allegations in Plaintiff's Complaint have no connection to the Northern District of Illinois whatsoever. Rather, the only connection to the present forum appears to be the location of one of Plaintiff's lawyers. [2] This does not affect the analysis, however, as "the convenience of an attorney is not a factor in considering a motion to transfer venue." *Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.*, No. 06 C 3183, 2007 WL 1560212, *5 (N.D. Ill., May 29, 2007) (citation omitted).

Thus, the first factor – plaintiff's choice of forum – does not favor the Northern District of Illinois.

### 2. *Situs of Material Events*

The next factor – the situs of material events – strongly favors transfer to the Eastern District of Missouri. The material events, as alleged in Plaintiff's Complaint were calls made to Plaintiff "in order to sell prescription drug services." [3] Complaint [Doc # 1] at ¶13.

- Plaintiff lives and works in St. Louis, Missouri

- Plaintiff received the alleged call at a St. Louis telephone number.

- The call or calls at issue originated from a Medco office in Florida.

- Medco's executive offices are located in New Jersey and St. Louis, Missouri.

---

[2] Plaintiff's other attorney of record, Robert Healy, is already in St. Louis, conveniently located within yards of Plaintiff's receptionists desk at his law office.

[3] Medco denies that it called Plaintiff to "sell prescription drug services" and will address this allegation if and when it files its Answer.

- Medco called Plaintiff in relation to her enrollment in her health plan, administered by Coventry of Missouri.

- On information and belief, Plaintiff and her employer enrolled in this plan and provided contact information while located in Missouri.

- The calls at issue related to Missouri prescription benefits for prescriptions Plaintiff was filling in Missouri at Missouri pharmacies.

- **No events related to the Complaint occurred in, or anywhere near, the Northern District of Illinois.**

Because <u>no</u> relevant events occurred in the Northern District of Illinois, the second factor favors transfer. If Plaintiff was injured at all, that injury occurred in the Eastern District of Missouri.

### 3. *Relative Ease of Access to Sources of Proof*

As is often the case given modern access to documents and most sources of proof, Medco concedes that this factor probably "amounts to a wash." *See Bullard*, 2008 WL 4104355 at *3 (Kennelly, J.). To the extent it favors either forum, however, this factor favors transfer. Plaintiff, Plaintiff's employer, Plaintiff's health plan, and Medco's parent company headquarters are all located in metropolitan St. Louis. The easiest access to those sources would be from the Court located within the district – the Easter District of Missouri.

### 4. *Convenience and Ability to Obtain Compulsory Process Over Witnesses*

Although the Complaint is overly vague as to the time, origination, and frequency of the subject calls, Medco believes that the alleged calls described in the Complaint would have been made in relation to Plaintiff's relationship with her health plan sponsor, Coventry of Missouri, which is located in Missouri. *See* Ex. 1. On information and belief, Plaintiff's relationship with

6

Coventry of Missouri was formed in Saint Louis County, Missouri. The relationship between Plaintiff and Coventry of Missouri was negotiated in Missouri. Plaintiff enrolled in Coventry of Missouri while located in Saint Louis County, and the Medco pharmacy benefit that was the alleged subject of the call would have been purchased in Missouri as part of Plaintiff's Coventry of Missouri benefit package.

A key part of Medco's defense in this case will be the existing business relationship between Plaintiff, her employer, Coventry of Missouri, and Medco. To establish this defense, Medco will require the testimony of third-party witnesses at Coventry of Missouri and at Plaintiff's employer – none of whom are under the control of either party. These witnesses, who will be more specifically identified by name after discovery commences, will be called to provide testimony regarding the exchange of information that Plaintiff provided in relation to her health plan. Because these witnesses are located in Missouri, they will not be subject to compulsory process if this case proceeds to trial in the Northern District of Illinois. *See, e.g., Taylor v. Kidde, Inc.*, No. 88 C 8559, 1989 WL 20796, *3 (N.D. Ill., Mar. 6, 1989) (stating that the ability to obtain compulsory process over witnesses at trial should be considered in evaluating whether to transfer venues).

To the extent Plaintiff intends to call Medco executives as witnesses, Medco's executive offices are now located in Saint Louis County, Missouri.

To the extent Plaintiff intends to call witnesses located where the alleged calls originated, Medco believes those calls would have originated from a call center outside either of the two forums – in Florida.

Thus, convenience of the witnesses clearly tilts in favor of transfer.

*5.      Convenience of the Parties of Litigating in the Respective Forums*

7

Missouri is clearly a more convenient forum for both parties. Plaintiff lives and works in Saint Louis County, so she cannot reasonably claim that any venue other than the Eastern District of Missouri would be more convenient. Indeed, Plaintiff has two attorneys listed on her Complaint, one of whom is located in Chesterfield, Missouri. Likewise, although Medco is located in New Jersey, it is now a wholly-owned subsidiary of Express Scripts Holding Co., headquartered in Saint Louis County, Missouri. This makes the Eastern District of Missouri a more convenient forum, especially when compared to Chicago, where no witnesses are located and none of the events at issue occurred.

The fifth factor therefore favors transfer.

**b.**      ***Public Interest Factors***

"Section 1404(a) also requires the Court to weigh the 'interests of justice' in its analysis. *See Bullard*, 2008 WL 4104355 at *6. "Such public factors include the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale. *Id.*

*1.*      *Court's Familiarity with Applicable Law*

Plaintiff's Complaint is based on the federal TCPA. Both this Court and the judges in the Eastern District of Missouri are well equipped to interpret and apply this federal statute and corresponding regulations.

Thus, this factor does not favor or disfavor transfer.

*2.*      *Speed at Which the Case Will Proceed to Trial or Disposition*

Caseload statistics have no impact on the transfer of this case. Initially, it must be noted that this Court has previously expressed skepticism over this factor and the use of federal caseload statistics in analyzing this factor. *Bullard*, 2008 WL 4104355 at *7 (Kennerly, J.) ("General

8

statistics of this sort are, in the Court's view, relatively meaningless, because they are averages for cases of all types and tell the reader nothing about cases of the particular type at issue."). In addition, to the extent the Court would chose to consider such statistics, according the United States Courts Statistics, a side-by-side comparison of the pace at which cases proceed to trial or are otherwise disposed in each district is relatively equal. *See* Ex. 2 ("U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending March 31, 2011") (median time interval for total cases was 6.3 months for N.D. Ill., vs. 6.7 months for E.D. Mo., and median time interval for disposition through trial was 24.9 months for N.D. Ill., vs. 21.7 months for E.D. Mo.). Thus, this factor favors neither forum.

### 3. *Resolution of Controversies in Their Locale*

The underlying allegations in the Complaint accuse Medco of causing damage to Plaintiff in Missouri, where Plaintiff resides. Plaintiff's local community, St. Louis, Missouri, rather than Chicago, Illinois, has a greater interest in resolving this case and addressing disputes about the types of calls that can be made to its residents. *See Bullard*, 2008 WL 4104355 at *7.

This factor favors transfer.

The interest of justice is clearly better served if the case is transferred to the Eastern District of Missouri.

## IV. CONCLUSION

The most convenient and appropriate forum for this lawsuit is the Eastern District of Missouri. Indeed, Plaintiff actually lives in that district, Medco is headquartered in that district, and the key third-party witnesses and documents are located within that district. There is absolutely no connection to the current venue, and therefore, for the convenience of the parties

and witnesses, and in the interest of justice, this action should be transferred to the Eastern

District of Missouri pursuant to 28 U.S.C. § 1404(a).

Dated: August 31, 2012                    Respectfully Submitted,

                                         /s/ Douglas F. McMeyer
                                         Douglas F. McMeyer (IL. Bar No. 6293348)
                                         Husch Blackwell, LLP
                                         120 S. Riverside Plaza
                                         Suite 2200
                                         Chicago, Illinois 60606
                                         Phone: (312) 655-1500
                                         Fax: (312) 655-1501
                                         Douglas.McMeyer@huschblackwell.com
                                         *Attorney for Medco Health Solutions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of August, 2012, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, and was served by operation of that Court's electronic filing system and separately by e-mail upon the following:

Alexander H. Burke (ABurke@burkelawllc.com
Burke Law Offices, LLC
155 N. Michigan Avenue, Suite 9020
Chicago, Illinois 60601

Robert T. Healey (bob@healeylaw.com)
Healey Law, LLC
640 Cepi, Suite A
Chesterfield, MO 63005

/s/ Douglas F. McMeyer