**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SUZY ELKINS, on behalf of Herself and others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 1:12-cv-5617** |
| **MEDCO HEALTH SOLUTIONS, INC.,** | ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) ) | |

**DEFENDANT MEDCO HEALTH SOLUTIONS, INC.'S MOTION TO STAY**
**PENDING A DECISION ON WHETHER 1404(a) TRANSFER IS APPROPRIATE**

Defendant Medco Health Solutions, Inc. ("Medco") hereby moves this Court for a temporary stay of proceedings in this matter until such time as the Court has had an opportunity to consider whether it is more appropriate for this matter to proceed in the Eastern District of Missouri, where Plaintiff, Defendant, and witnesses in this case reside. (*See* Medco's Motion to Transfer, Doc. # 12). In support of its motion, Medco states as follows:

**INTRODUCTION**

Plaintiff alleges that Medco violated the Telephone Consumer Practices Act ("TCPA") and engaged in improper "telemarketing" when it contacted her at a telephone number she provided in order to inform her of prescription benefits under a health plan she had recently enrolled in through Coventry of Missouri ("Coventry"). Medco called Plaintiff because she had purchased a Coventry plan with a pharmacy benefit through Medco, and had been filling numerous prescriptions at Medco network pharmacies in the St. Louis area. Under her Coventry/Medco health plan, however, Plaintiff had an additional prescription benefit available to her for the prescriptions she had been purchasing, which could save her money. In other

words, Medco was doing its job as the pharmacy benefit manager selected by Plaintiff and her

health plan.  Plaintiff did not need to enroll in a plan with a pharmacy benefit, or pharmacy

benefit management services.  But she did, and now complains that the company she hired did

exactly what she hired them to do.  On these theories, she purports to represent a nationwide

class.

Medco believes Plaintiff's claims have no merit. Before those issues are addressed,

however, there is the key threshold question of whether the Northern District of Illinois is the

most appropriate venue for this case.   For this reason, Medco has filed a Motion to Transfer this

case pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Missouri.  The Eastern District of

Missouri is the logical venue for this case.  It is where Plaintiff Suzy Elkins ("Plaintiff") works

and resides.  It is where the health plan at issue is based.  Key witnesses from Coventry,

Plaintiff's Missouri employer (a St. Louis law firm), and Medco are located in the Eastern

District of Missouri.  And it is in the Eastern District of Missouri where plaintiff received the

allegedly improper calls notifying her of benefits under her prescription health plan.  In stark

contrast, there is no connection to the Northern District of Illinois.  *See* Doc. # 12.

Pursuant to this Court's Case Management Procedures, the parties held a telephone

conference on August 27, 2012.  The key threshold question raised was venue.  Medco's counsel

questioned why this case was filed in this District, given the fact that Plaintiff and key witnesses

are in Missouri, and there is no apparent connection to the Northern District of Illinois.

Plaintiff's counsel had no substantive response.

The parties then discussed discovery and other scheduling issues.  The parties disagreed

on whether the viability of Plaintiff's individual theories should be tested before Plaintiff is

allowed to engage in broad discovery into sensitive health care related issues concerning a

putative class of health plan members Elkins purports to represent. Medco believes that those questions should be addressed by the Court that will ultimately hear this case—whether here or in the Eastern District of Missouri—and that the question of appropriate venue is necessarily antecedent to scheduling and case management. In response, Plaintiff served broad class discovery seeking information on all calls Medco has made to its members over the last four years.

In the interest of judicial economy, Medco now asks that this case and all discovery be stayed until the Court rules on the pending venue motion and it is finally determined where this case will proceed.

## LEGAL STANDARD

The decision to issue a stay rests within the sound discretion of the trial court. *See Doe v. City of Chic.*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005) ("The court has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate") *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "[A] stay is proper where the likelihood that [the pending] motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Perelman v. Perelman*, No. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011)

## ARGUMENT

## I. IN THE INTEREST OF JUDICIAL ECONOMY, THIS COURT SHOULD STAY ALL DISCOVERY AND MEDCO'S TIME TO RESPOND TO THE COMPLAINT UNTIL THIS COURT RULES OF THE MOTION TO TRANSFER

"Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected . . . [.]" *McDonnell*

3

*Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970); *see Goodman v. Fleischmann*, 364 F.Supp. 1172, 1176 (E.D. Pa., 1973) ("Our courts have uniformly held that the decision to transfer is preliminary to discovery on the merits, and that motions to transfer should be acted upon at the threshold of the litigation."); *see also Stolz v. Barker*, 466 F.Supp. 24 (M.D.N.C.1978) (transferring venue and withholding decision on pending motions when doing so would allow the transferee court to decide important issues that are critical to the disposition of the case); *cf. Paul v. Aviva Life and Annuity Co.*, No. 09-1038 2009 WL 2244766, 1 (N.D. Ill., July 27, 2009) (granting motion for stay pending decision on motion to transfer case to MDL, in order to conserve judicial resources).

Here, Medco's response to Plaintiff's Complaint is due September 10, 2012. Medco, however, has filed its Motion to Transfer in advance of that deadline in the interest of judicial economy. Given the infancy of this case, it is practical that the Court who ultimately hears this case is also the Court who sets the pre-trial procedures and schedules, and to the extent possible, that the cited law remains consistent throughout this lawsuit. Staying all discovery and Medco's time to respond will promote this consistency.

Issuing a temporary stay will also avoid unnecessary hassles and preserve judicial resources in the event the motion to transfer is granted. No discovery is needed to resolve the current Motion to Transfer. Without a stay, however, the expenditures of both judicial and party resources that would otherwise soon be required here (e.g., as regards the Court, in issuing a scheduling order and undertaking pretrial conferences and case management; and as regards the parties, and duplicative motion practice on dispositive motions) will be considerable, and likely prove unnecessary if the case is transferred.

4

Finally, Plaintiff will not be prejudiced if this case is stayed for a short period to allow this Court to rule on the motion to transfer. This case is in its earliest stages, and Plaintiff will not be harmed if discovery is stayed until this Court decides where it will proceed. On the other hand, moving ahead with pretrial motions and discovery could cause inconsistency in the scheduling and procedures and duplicated motion practice if this case is eventually transferred.

For these reasons, Medco asks that its Motion to Stay be granted.

WHEREFORE, for all the reasons stated above, Medco respectfully requests that the Court enter an order that:

1)      The Rule 16 conference currently set for September 19, 2012, be continued until such time as this Court has had an opportunity to rule on the threshold venue questions raised in Medco's pending 1404(a) motions;

2)      Discovery obligations and the deadline for responding to discovery be stayed and reset pending rescheduling of the Rule 16 conference before this Court or the transferee court;

3)      Medco's time to respond to the Complaint is tolled for fifteen (15) days from the date it receives notice of the Court's ruling on Medco's pending Motion to Transfer Venue.

## II.      IN THE ALTERNATIVE TO A STAY, MEDCO ASKS THAT IT BE GRANTED AN ADDITIONAL TWENTY-ONE DAYS TO RESPOND TO PLAINTIFF'S COMPLAINT.

In the alternative, if this Court does not grant Medco's motion to stay, Medco asks for an extension of twenty-one (21) days to respond to the Complaint.

WHEREFORE, Medco, in the event this Court decides not to enter a stay pending a decision on Medco's motion to transfer, respectfully requests that the Court enter an order granting Medco an additional twenty-one (21) days to respond to Plaintiff's Complaint, making its response due October 1, 2012.

Respectfully submitted,


/s/ Douglas F. McMeyer
Douglas F. McMeyer (IL. Bar No. 6293348)
Husch Blackwell, LLP
120 S. Riverside Plaza
Suite 2200
Chicago, Illinois 60606
Phone: (312) 655-1500
Fax: (312) 655-1501
Douglas.McMeyer@huschblackwell.com
*Attorney for Medco Health Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 31st day of August, 2012, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, and was served by operation of that Court's electronic filing system and separately by e-mail upon the following:

Alexander H. Burke (ABurke@burkelawllc.com)
Burke Law Offices, LLC
155 N. Michigan Avenue, Suite 9020
Chicago, Illinois 60601

Robert T. Healey (bob@healeylaw.com)
Healey Law, LLC
640 Cepi, Suite A
Chesterfield, MO 63005

<em>/s/ Douglas F. McMeyer</em>_____